UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM

WINN-DIXIE STORES, INC., et al.,

    Plaintiffs,

vs.

BIG LOTS STORES, INC.,

    Defendant/Third Party Plaintiff

vs.

NORTHEAST VENTURE
PLAZA I, LLC, et al.,

    Third Party Defendants.
_____/

## THIRD PARTY DEFENDANT SARRIA HOLDINGS IV, INC.'S RENEWED[1] MOTION TO SEVER AND/OR FOR SEPARATE TRIAL AND INCORPORATED MEMORANDUM OF LAW

THIRD PARTY DEFENDANT, SARRIA HOLDINGS IV, INC. ("SARRIA"), by and through undersigned counsel, and pursuant to Rules 21 and 42(b) of the Federal Rules of Civil Procedure and Local Rule 7.1, hereby files this Renewed Motion to Sever and/or For Separate Trial (the "Motion"). Sarria contends that consolidating for trial *Winn Dixie Stores, Inc. et. al. v. Dollar Tree Stores, Inc.*, Case No.: 11-80638 (the "Dollar Tree Action") with *Winn Dixie Stores, Inc. et. al. v. Dolgen Corp, LLC.*, Case No.: 11-80601 (the "Dolgen Corp. Action") and *Winn Dixie Stores, Inc. et. al. v. Big Lots Stores, Inc.*, Case No.: 11-80641 (the "Big Lots Action")

---

[1] On February 12, 2012 this Court enter an Order Denying Third Party Defendant Sarria Holdings IV, Inc.'s Motion to Sever Amended Third Party Complaint, or in the Alternative to Continue the Dates in the Pre-Trial Scheduling Order. [D.E. 151]. Since then, Big Lots has filed a Second Amended Third Party Complaint and this Court has consolidated three actions into one and Sarria is hereby respectfully renewing its Motion to Sever.

{3653791:}

Case 9:11-cv-80601-DMM   Document 291   Entered on FLSD Docket 03/19/2012   Page 2 of 12

Winn-Dixie v. Big Lots Stores, Inc.
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
Sarria Holdings IV's M/to Sever and/or for Separate Trial
Page 2 of 12

prejudices Sarria's fundamental right to a fair and impartial trial, and Sarria therefore requests that the Third Party Action (defined below) be severed and/or separated for trial.

## I.    FACTUAL BACKGROUND

On June 30, 2011, Winn-Dixie filed an amended complaint against Big Lots, alleging that certain Big Lots stores violated various Winn-Dixie "grocery exclusives" contained in Winn-Dixie's leases with the third party defendants to this action. These grocery exclusives limit the amount of grocery merchandise that other stores co-located in shopping centers with Winn-Dixie may maintain or sell. Big Lots Store No. 1711 allegedly is one of the stores in violation of Winn-Dixie's grocery exclusives. This store was the subject of a May 17, 2002 lease originally between Landlord Watch Omega Holdings, L.P. and Big Lots (the "Lease"). Watch Omega Holdings, L.P. later assigned all its interests in the Lease to Sarria.

On February 16, 2012, Big Lots filed its Second Amended Third Party Complaint[2] (the "Third Party Complaint") against several third party defendants, including Sarria, bringing claims for breach of the covenant of quiet enjoyment, breach of contract, promissory estoppel, indemnification, and negligent misrepresentation. On February 23, 2012, Sarria filed a Counterclaim against Big Lots alleging rescission, reformation (alternative count), breach of contract and possession (collectively, the Third Party Complaint and Sarria's Counterclaim shall be referred to as the "Third Party Action"). Sarria moves to sever the Third Party Action, pursuant to Rule 21 of the Federal Rules of Civil Procedure, or in the alternative, moves for a separate trial for the Third Party Action, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

---

[2] Sarria's Motion to Dismiss the Second Amended Third-Party Complaint [D.E. 244] is currently pending before the Court.

Case 9:11-cv-80601-DMM   Document 291   Entered on FLSD Docket 03/19/2012   Page 3 of 12

*Winn-Dixie v. Big Lots Stores, Inc.*
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
*Sarria Holdings IV's M/to Sever and/or for Separate Trial*
Page 3 of 12

II.   ARGUMENT

    A.   <u>**Standard of Review**</u>

The Court's determination as to whether to sever claims under Rule 21 or order separate trials under Rule 42 requires consideration of the same factors: " (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Morris v. Northrup Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999). Separation of claims or issues for trial is allowed if the court determines that separate trials would avoid prejudice or if it would promote judicial economy. *Houseman v. U.S. Aviation Underwriters, Inc.*, 171 F.3d 1117, 1121 (7th Cir. 1999). The decision to order a separate trial is left to the court's discretion. *Williams v. CSX Transp., Inc.*, No. Civ.A. 01-3433, 2002 WL 31618455, *1 (E.D. Pa. Nov. 15, 2002).

The court's decision requires balancing the convenience of the parties, avoidance of prejudice and promotion of an efficient resolution of the litigation. *Williams*, 2002 WL 31618455 at *1. The decision is entirely dependant upon the facts of each specific case. *Vondriska v. Cugno*, No. 8:07-cv-1322-T-24-TGW, 2010 WL 3245426, *2 (M.D. Fla. Aug. 17, 2010); *Magazzu v. Volmar Services, Inc.*, Civil Action No. 08-ca-2078 (NLH)(KMW), 2009 WL 5194396, *6 (D. N.J. Dec. 21, 2009). "Ultimately the question of separate trials must be decided after considering whether one or separate trials would best serve the interests of the litigants and the Court…the ultimate consideration is which procedure is more likely to result in a just final disposition of the litigation." *Nissan Antitrust Litigation*, No. MDL 120, 1976 WL 1297, *2 (S.D. Fla. May 28, 1976).

Case 9:11-cv-80601-DMM   Document 291   Entered on FLSD Docket 03/19/2012   Page 4 of 12

*Winn-Dixie v. Big Lots Stores, Inc.*
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
*Sarria Holdings IV's M/to Sever and/or for Separate Trial*
Page 4 of 12

**B.     The Third Party Action does not involve the same transaction or occurrence as the Big Lots Action or the Consolidated Action.**

A "transaction or occurrence" includes all logically related events.  *Tanner*, 2009 WL 1605843 at *2.  If not dismissed as an improper third party action, the issues and claims of the Second Amended Complaint are contingent on the underlying claim between Winn Dixie and Big Lots such that the outcome of that action may change the nature of the claims by Big Lots against Sarria.  As such, the proof required and the issues of law are sufficiently distinct to warrant severance or separate trials.  *See Magazzu*, 2009 WL 5194396, *7 (finding that "the issue of indemnification would <u>certainly</u> serve to confuse the jury because not only would the jury have to determine which, if any of the Defendants, are at fault, but also would have to determine whether, and exactly how, the contract for indemnity is applicable.") (emphasis added); *Andretta v. Tube Distributors Co.*, 180 F. Supp. 891, 892 (E.D. N.Y. 1960) (granting motion to sever to allow separate trial for issues raised by third party pleading).

There is no logical relationship between the Third Party Action and the Dollar Tree Action or the Dolgen Corp. Action.  Sarria has no relationship with either of those entities and is in no way involved in the disputes in the Dollar Tree Action or the Dolgen Corp. Action.  Additionally, as set forth in detail in Sarria's Motion to Dismiss the Second Amended Complaint [D.E. 244], there is no claim for indemnity that Big Lots can bring against Sarria and therefore the Third Party Complaint as against Sarria is improper.

**C.     The Third Party Action does not involve common questions of law or fact as the Big Lots Action or the Consolidated Action.**

There needs to be at least <u>some</u> common questions of law or fact between <u>all</u> the parties. *See Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1234 (11th Cir. 2000).  In *Cohen v. District of Columbia Nat'l Bank*, 56 F.R.D. 84, 88 (D.C. 1972), the court ordered separate trials for each

Case 9:11-cv-80601-DMM   Document 291   Entered on FLSD Docket 03/19/2012   Page 5 of 12

Winn-Dixie v. Big Lots Stores, Inc.
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
Sarria Holdings IV's M/to Sever and/or for Separate Trial
Page 5 of 12

defendant bank because of "differences in practices and policies of the defendant bank in making the loans" and because "[e]ach bank is entitled to defend against the complaints of its own borrowers and to have its defense determined on the facts that are specifically relevant to its own activities." *Id.* The Court found that separate trials were necessary:

> **to avoid the difficulties and complications that would inevitably arise in an omnibus trial in which several counsel representing numerous parties would attempt to define and preserve the distinctions between evidence and issues related to some defendant banks and not to others. A separate trial for each bank, for wholly pragmatic reasons, will be a more orderly and efficient way of handling this litigation.**

*Id.* Additionally, in *Tanner v. Entergy Ark.*, No. 4:08-CV-00099 BSM, 2009 WL 1605843, *2 (E.D. Ark. June 8, 2009), the court granted the motion to sever finding that the individual claims arose from "discrete and wholly unrelated employment decisions made by difference management personnel, and in competition with, in some cases, wholly different pools of applicants." *See also Williams*, 2002 WL 31618455, *2 (the court held that third party claims hinge on indemnification that is contingent upon the underlying claim in the first party action and that "the issues of law are sufficiently separate and distinct and that the proof for the first party claims and the third party claims are sufficiently different to warrant separate trials.").

There are no allegations by any of the parties that the grocery exclusives and the controlling leases for each individual store are identical; in fact, each lease and the related grocery exclusives vary. However, even if the leases and grocery exclusives were all identical, the potential witnesses and documents required to prove the various claims are different as to each store. *See Boston Post Road Medical Imaging, P.C. v. Allstate Ins. Co.*, No. 03 Civ. 3923 (RCC), 2004 WL 1586429, *2 (S.D. N.Y. July 15, 2004) (ordering severance and holding that there were no common issues of law or fact regarding 59 distinct claims on allegedly *identical*

Case 9:11-cv-80601-DMM   Document 291   Entered on FLSD Docket 03/19/2012   Page 6 of 12

Winn-Dixie v. Big Lots Stores, Inc.
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
Sarria Holdings IV's M/to Sever and/or for Separate Trial
Page 6 of 12

insurance contracts). Finally, the damages must be established on a per store basis, which requires individualized proof, per store.

### D. Sarria will be substantially prejudiced if the Third Party Action is not severed or separated for trial.

Prejudice to a party is the most important consideration in deciding whether to separate claims for trial. *Hunter Douglas, Inc. v. Comfortex Corp.*, 44 F. Supp. 2d 145, 154 (N.D. N.Y. 1999). Sarria was improperly brought into this action as a third party defendant as a lessor on a single lease as to a single store in the Big Lots Action. Virtually all, if not all, the evidence submitted in the Dollar Tree Action and the Dolgen Corp. Action is completely irrelevant to the claims alleged against Sarria. It is extremely doubtful that the jury will be able to separate the evidence it hears against Dollar Tree, Dolgen Corp. and Big Lots from any evidence submitted in the Third Party Action. *See Boston Post*, 2004 WL 1586429 at *2 ("A joint trial raises the prospect of a jury having to parse evidence regarding fifty-nine separate accidents, the medical services that Plaintiff provided to the assignors-patients, and the necessity and reasonableness of those services.")

In each of the Dollar Tree, Dolgen Corp. and Big Lots Actions, numerous stores were joined together. The group of stores grew to approximately 100 in the Consolidated Action. Despite that, it is important for the Court to remember that each alleged breach of a grocery exclusive at each independent store is subject to distinct, separate and individualized proof of: (1) liability, (2) defenses, and (3) damages. It is unclear how a jury will be able to compartmentalize these individualized proof requirements for each store, let alone take that evidence one step further in the Third Party Action to determine what liability, if any, Sarria has on the single store at issue in the Third Party Action. It is evident that trying the Third Party

Case 9:11-cv-80601-DMM   Document 291   Entered on FLSD Docket 03/19/2012   Page 7 of 12

Winn-Dixie v. Big Lots Stores, Inc.
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
Sarria Holdings IV's M/to Sever and/or for Separate Trial
Page 7 of 12

Action with the Consolidated Action will result in substantial prejudice to Sarria and there is no evidence that the other parties will be prejudiced if the Third Party Action is severed or separated for trial. *See Nissan Antitrust Litigation*, No. MDL 120, 1976 WL 1297, *2 (the ultimate consideration is which procedure is more likely to result in a *just* final disposition of the litigation). Sarria also submits that the trial of the Consolidated Action will confuse and overwhelm the jury and hereby adopts and incorporates by reference Section E "Consolidation will Confuse and Overwhelm the Jury" in Dollar Tree Stores, Inc.'s Motion to Sever Action for Trial and Incorporated Memorandum of Law. [D.E. 270].

Ever since it was added to the Big Lots action as a third party defendant, Sarria has been actively working to preserve its rights and conduct discovery, despite the fact that the third party action against Sarria is improper. However, counsel for Big Lots and Winn Dixie and now counsel for Dollar Tree and Dolgen Corp. are not including third parties' counsel in discussions related to stipulations on pre-trial deadlines. In fact, the date agreed upon for Big Lots deposition by Sarria is outside deadlines proposed by them. Finally, Sarria's involvement concerns a <u>single</u> store out of approximately 100 stores at issue in the Consolidated Action. Notwithstanding this last, Sarria will be forced to pay for counsel to sit and watch and wait for potentially weeks until testimony and evidence regarding the Big Lots Action is presented to the jury. Sarria is substantially prejudiced not only because of its limited ability to conduct meaningful discovery before trial, and due the excess legal fees it will have to pay its attorneys to simply sit and wait during the trial of the Consolidated Action.

### III.   CONCLUSION

Balancing the interests of the parties, the avoidance of prejudice and promotion of a just and efficient resolution of the litigation, results in a determination that the Third Party Action

Case 9:11-cv-80601-DMM   Document 291   Entered on FLSD Docket 03/19/2012   Page 8 of 12

*Winn-Dixie v. Big Lots Stores, Inc.*
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
*Sarria Holdings IV's M/to Sever and/or for Separate Trial*
*Page 8 of 12*

should be severed from the Consolidated Action. Alternatively, and at a minimum, this Court should separate the Third Party Action for Trial.

**WHEREFORE**, SARRIA respectfully requests that this Court sever the Third Party Action, or in the alternative separate the Third Party Action for trial, and grant such other and further relief as this Court deems just and proper.

## PRE-FILING CERTIFICATION

Prior to filing the Motion, on March 16, 2012, the undersigned counsel conferred by email with opposing counsel and the following parties stated they had no objection to the relief requested: Third Party Defendant Hudson Square, Winn Dixie, Dollar Tree Stores, Inc., Noble Management Company, NPI, Inc. and Northeast Plaza. Big Lots stated it opposed the motion, and as of the filing of this motion, the undersigned had not heard from the remaining parties.

Case 9:11-cv-80601-DMM   Document 291   Entered on FLSD Docket 03/19/2012   Page 9 of 12

*Winn-Dixie v. Big Lots Stores, Inc.*
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
*Sarria Holdings IV's M/to Sever and/or for Separate Trial*
Page 9 of 12

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2012 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    MCDONALD HOPKINS
    Attorneys for *Third Party Defendant Sarria Holdings IV, Inc.*
    505 S. Flagler Drive, Suite 300
    West Palm Beach, FL 33401
    Phone: (561) 472-2121
    Facsimile: (561) 472-2122
    Email: aburger@mcdonaldhopkins.com
    Email: ctito@mcdonaldhopkins.com

    By: /s/ Alan M. Burger, Esq._____
       Alan M. Burger, Esq.
       Florida Bar No.: 833290

Case 9:11-cv-80601-DMM   Document 291   Entered on FLSD Docket 03/19/2012   Page 10 of 12

*Winn-Dixie v. Big Lots Stores, Inc.*
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
*Sarria Holdings IV's M/to Sever and/or for Separate Trial*
Page 10 of 12

## Winn-Dixie v. Big Lots Stores, Inc.. et al.
## Case No.: 9:11-cv-80601-Middlebrooks/Johnson
## SERVICE LIST

| **Attorneys for *Plaintiffs*** | **Counsel for *Big Lot Stores, Inc.*** |
|---|---|
| Thomas E. Warner, Esq. | Michael V. Elsberry, Esq. |
| twarner@carltonfields.com | michael.elsberry@lowndes-law.com |
| Ryan S. Cobbs, Esq. | W. Drew Sorrell, Esq. |
| rcobbs@carltonfields.com | drew.sorrell@lowndes-law.com |
| Carlton Fields, P.A. | Rebecca E. Rhoden, Esq. |
| CityPlace Tower – Suite 1200 | Rebecca.rhoden@lowndes-law.com |
| 525 Okeechobee Boulevard | Wayne Andrew Sorrell, II, Esq. |
| West Palm Beach, FL  33401 | drew.sorrell@lowndes-law.com |
| Telephone: 561-659-7070 | Lowndes, Drosdick, Doster, Kantor & Reed, P.A. |
| Facsimile: 561-659-7368 | 450 South Orange Avenue, Suite 800 |
| **Via Electronic Filing by CM/ECF** | P.O. Box 2809 |
| Assistant: Tina | Orlando, Florida  32802-2809 |
| | Telephone: 407-843-4600 |
| | Facsimile: 407-843-4444 |
| | **Via Electronic Filing by CM/ECF** |
| **Co-Counsel for *Big Lot Stores, Inc.*** | **Counsel for *Third Party Defendant, Sarria Holdings IV, Inc.*** |
| Williams N. Withrow, Jr. Esq. | **Alan M. Burger, Esq.** |
| William.withrow@troutmansanders.com | aburger@mcdonaldhopkins.com |
| Brian P. Watt, Esq. | McDonald Hopkins LLC |
| brian.watt@troutmansanders.com | 505 South Flagler Drive, Suite 300 |
| Shakara M. Barnes, Esq. | West Palm Beach, FL  33401 |
| shakara.barnes@troutmansanders.com | Telephone: 561-472-2121 |
| Troutman Sanders LLP | Facsimile: 561-472-2122 |
| 600 Peachtree Street, NE | **Via Electronic Filing by CM/ECF** |
| Suite 5200 | |
| Atlanta, GA  30308-2216 | |
| Telephone: 404-885-3000 | |
| Facsimile: 404-885-3900 | |
| Brian's fax No.: (404) 962-6767 | |

*Winn-Dixie v. Big Lots Stores, Inc.*
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
*Sarria Holdings IV's M/to Sever and/or for Separate Trial*
Page 11 of 12

| | |
|---|---|
| **Counsel for Hudson Bay Trading Company**<br>Gary S. Phillips, Esq.<br>e-mail: Gphillips@phillipslawyers.com<br>Laura J. Varela, Esq.<br>e-mail:<br>Phillips, Cantor & Shalek, P.A.<br>4000 Hollywood Boulevard, Suite 500-North<br>Hollywood, FL  33021<br>Telephone: 954-966-1820<br>Facsimile: 954-414-9309<br>**Via Electronic Filing by CM/ECF** | **Counsel for Avon Square**<br>J. Kemp Brinson, Esq.<br>J. Kemp Brinson, Attorney at Law<br>Clark, Campbell & Lancaster P.A.<br>500 South Florida Avenue, Suite 800<br>Lakeland, Florida 33801<br>Office: (863) 647-5337<br>Mobile: (863) 288-0234<br>Fax: (863) 647-5012<br>email: kbrinson@ccmattorneys.com<br>**Via Electronic Filing by CM/ECF** |
| **Counsel for Noble Management Company and NPI, Inc.**<br>Cristopher Stephen Rapp, Esq.<br>Email: csrapp@jones-foster.com<br>Robert William Wilkins, Esq.<br>e-mail: rwilkins@jones-foster.com<br>Jones Foster Johnston & Stubbs<br>505 S Flagler Drive<br>Suite 1100<br>PO Box 3475<br>West Palm Beach, FL 33401<br>Telephone: 561-659-3000<br>Facsimile: 650-0412<br>**Via Electronic Filing by CM/ECF** | **Counsel for Dollar Tree Stores, Inc.**<br>**Steve I. Silverman, Esq.**<br>Email: ssilverman@klugerkaplan.com<br>**Jeffrey Michael Berman, Esq.**<br>Email: jberman@kpkb.com<br>**Michael T. Landen, Esq.**<br>Email: mlanden@klugerkaplan.com<br>Kluger Kaplan Silverman Katzen & Levine, PL<br>Miami Center<br>201 S Biscayne Boulevard<br>Suite 1700<br>Miami, FL 33131-8424<br>Phone: 305-379-9000; Fax: 305-379-3428<br>**Via Electronic Filing by CM/ECF** |
| **Counsel for Northeast Plaza Venture I, LLC**<br>**Jermaine Lee**<br>Cozen O'Connor<br>200 S. Biscayne Boulevard<br>Suite 4410<br>Miami, FL 33131<br>Phone: 305-704-5944 ; Fax: 305-675-6209<br>Email: jalee@cozen.com<br>**Via Electronic Filing by CM/ECF** | **Counsel for Ireland Biloxi, Ltd.**<br>**Marc Alan Silverman**<br>Frank Weinberg & Black<br>7805 SW 6th Court<br>Plantation, FL 33324<br>Phone: 954-474-8000; Fax: 474-9850<br>Email: msilverman@fwblaw.net<br>**Via Electronic Filing by CM/ECF** |

{3653791:}

*Winn-Dixie v. Big Lots Stores, Inc.*
CONSOLIDATED CASE NO.: 9:11-80601-CIV-DMM
*Sarria Holdings IV's M/to Sever and/or for Separate Trial*
*Page 12 of 12*

| **Counsel for Lake Wales Associates, LLC**<br>**Michelle Garcia Gilbert**<br>Gilbert Garcia Group, P.A.<br>2005 Pan Am Circle<br>Suite 110<br>Tampa, FL 33607<br>Phone:813-443-5087; Fax: 813-443-5089<br>Email: michelle@gilbertgrouplaw.com<br>**Via Electronic Filing by CM/ECF** | **Counsel for Gun Club Shopping Center, LLC**<br>**Robert Alan Brandt**<br>696 NE 125th Street<br>North Miami, FL 33161<br>Phone: 305-981-3222; Fax: 305-981-2777<br>Email: robert@attorneybrandt.com<br>**Via Electronic Filing by CM/ECF** |
|---|---|
| **Counsel for Krysher-Delzer, Inc.**<br>**Darryl R. Richards**<br>Johnson Pope Bokor Ruppel & Burns<br>403 East Madison Street<br>Suite 400<br>Tampa, FL 33602<br>Phone: 813-225-2500; Fax: 223-7118<br>Email: darrylr@jpfirm.com | **Counsel for Hudson Square Center, Inc.**<br>**Shawn David Arbeiter**<br>Email: sarbeiter@whma-law.com<br>**Suzanne Marie McLean**<br>Email: smclean@whma-law.com<br>Webber Hinden, McLean & Arbeiter<br>PO Box 848549<br>Pembroke Pines, FL 33084-0549<br>Phone: 954-587-3058; Fax: 954-587-1770 |
|  |  |

{3653791:}