## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Consolidated Case No. 11-80601-CIV-DMM

WINN-DIXIE STORES, INC.; WINN-DIXIE
STORES LEASING, LLC; WINN-DIXIE
RALEIGH, INC.; WINN-DIXIE RALEIGH
LEASING, LLC; WINN-DIXIE
MONTGOMERY, LLC; and WINN-DIXIE
MONTGOMERY LEASING, LLC,

      Plaintiffs,

v.

DOLGENCORP, LLC, f/k/a
DOLGENCORP, INC., a Kentucky corporation;
*et al.*,

      Defendants and Third-Party Plaintiffs,

v.

PARK CENTRAL PLAZA CRP, LLC, *et al.*,

      Third-Party Defendants.

_____

### BIG LOTS STORES, INC.'S RESPONSE IN OPPOSITION TO
### THIRD-PARTY DEFENDANT AVON SQUARE LTD'S MOTION TO DISMISS
### SECOND AMENDED THIRD-PARTY COMPLAINT

On February 16, 2012, the Court entered Defendant and Third-Party Plaintiff Big Lots

Stores, Inc.'s (hereinafter, "Big Lots") Second Amended Third-Party Complaint (the "SATPC")

[Case No. 9:11-cv-80641, ECF Nos. 90-1, 177].  Pursuant to Rule 14 of the Federal Rules of

Civil Procedure, Big Lots' pleading  asserts five claims against common landlords, seeking to

hold these Third-Party Defendants liable to Big Lots to the extent that Big Lots is found ot have

violated certain "grocery exclusives" alleged by Plaintiffs Winn-Dixie Stores, Inc., Winn-Dixie

Stores Leasing, LLC, Winn-Dixie Raleigh, Inc., Winn-Dixie Raleigh Leasing, LLC, Winn-Dixie Montgomery, LLC, and Winn-Dixie Montgomery Leasing, LLC (collectively, "Plaintiffs" or "Winn-Dixie").  On February 27, 2012, Third-Party Defendant Avon Square, Ltd. (hereinafter "Avon") filed a Motion to Dismiss the SATPC [ECF No. 264].  Big Lots hereby files its Response in Opposition to Avon's Motion to Dismiss the SATPC [ECF No. 264], demonstrating that Avon's Motion should be denied for the following reasons:

I.    **Counts One And Two Of The SATPC Are Proper Because Avon Breached Key Promises Made In Its Contractual Agreement With Big Lots.**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff.  *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993) (stating that all reasonable inferences are to be made in favor of the plaintiff).  For purposes of reviewing Avon's Motion to Dismiss, all well-pleaded facts in Big Lots' SSATPC "and all reasonable inferences drawn from those facts are taken as true." *Raven v. The Lincoln National Life Ins. Co.*, 2011 U.S. Dist. LEXIS 131739, *13 (S.D. Fla. Nov. 15, 2011) (denying motion to dismiss) (citing *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994)).

Avon argues that it should be absolved from liability under the breach of covenant claim because "[a] covenant of quiet enjoyment cannot possibly extend to claims by third parties against Big Lots where Big Lots has been proven to have breached its own contractual obligations to that third party." ECF No. 264 at 7.  This statement reveals a central misunderstanding on the part of Avon—Big Lots, in fact, has no contractual obligations to Winn-Dixie.  Big Lots maintains no contractual privity with Winn-Dixie.  Thus, it is impossible for Big Lots to have breached a contract with Winn-Dixie.  On the other hand, Big Lots ***does*** have a

contract with Avon, a contract in which Avon makes key promises, such as to provide quiet enjoyment to Big Lots for the operation of its store, and the promise that the premises were to be used for the retail sale of general merchandise—the central operation of any Big Lots store.

      In Section 18 of the Lease for Big Lots Store 550, Avon covenants that Big Lots shall have quiet enjoyment of the premises:

> Landlord hereby covenants, warrants, and agrees that if Tenant shall not be in default beyond any period for the cure thereof, Tenant shall, at all times during the original term of this Lease and any renewal term, have peaceable and quiet enjoyment and possession of the Demised Premises without any manner of let or hindrance from the Landlord or any other person, firm, or corporation.

ECF No. 264-1 at 12 of 36.[1] If Winn-Dixie is able to show that it indeed possessed a so-called "grocery exclusive" which would restrict Big Lots' ability to quietly enjoy the full possession of the premises for the intended purpose of operating Big Lots stores, then Avon, as the landlord who promised quiet enjoyment, has breached the express covenants of quiet enjoyment it made to Big Lots. Avon cannot avoid liability simply because Winn-Dixie is not Big Lots' landlord. As landlord who is a party to the lease with a co-located Winn-Dixie, Avon was aware of Winn-Dixie's so-called grocery exclusive at the time it agreed to grant Big Lots the quiet enjoyment of the leased premises. Avon's failure to provide quiet enjoyment is the basis of this claim. Therefore, the Court should deny Avon's motion to dismiss Count One of the SATPC.

      Similarly, as Avon acknowledges, it promised to provide the leased premises to Big Lots for "the retail sale of general merchandise." *See* ECF No. 264-1 at 3 of 36; ECF No. 264 at 7. Thus, the retail sale of general merchandise was an express, primary purpose of agreeing to lease the space from Avon. By offering the premises for that purpose, Avon represented that the

---

[1] By citing to Avon's exhibit [ECF No. 264-1], Big Lots does not represent that the entirety of the exhibit is a wholly accurate reflection of the parties' agreement. Big Lots notes that the version of the Big Lots store 550 Lease filed at ECF No. 264-1 is marked up, and may contain information outside of the parties' agreement. Big Lots reserves the right to object to authenticity.

premises were fit for that purpose. Yet, Avon failed to provide the premises to Big Lots for that purpose, thus breaching another contractual promise. For this reason, the Court should deny Avon's Motion to Dismiss Count Two of the SATPC.

## II.    Avon's Motion to Dismiss Should Also Be Denied Because The Federal Rules Of Civil Procedure Permit Big Lots To Plead Alternatively.

In its Motion to Dismiss, Avon argues that Big Lots' promissory estoppel count against it must be dismissed because of the existence of a contract between the parties. *See* ECF No. 264, at 8-10. Although a contract between Big Lots and Avon exists, the representations at issue do not fall within the ambit of that contract. Thus, dismissal is improper. Big Lots' Second Amended Third-Party Complaint is proper within the contours of the Federal Rule allowing alternative pleading in situations such as this. Fed. R. Civ. P. 8(d)(2). The rule "allows for a plaintiff's case to proceed in the face of uncertainty as to the existence of a contract or, ***perhaps uncertainty as to whether the particular issue at hands falls within the ambit of a contract that otherwise exists between the parties.***" *Raven v. The Lincoln National Life Ins. Co.*, 2011 U.S. Dist. LEXIS 131739, *26 (S.D. Fla. Nov. 15, 2011); *D.H.G. Properties, LLC*, 2010 U.S. Dist. LEXIS 140208, 2010 WL 5584464 *11 (citing *Donnelly v. Circuit City Stores, Inc.*, 2007 U.S. Dist. LEXIS 20571, 2007 WL 896337, at *3 (M.D. Fla. Mar. 22, 2007)). "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2), formerly Rule 8(e)(2). Because Big Lots is allowed to plead in the alternative, the Court should deny Avon's Motion to Dismiss.

Late last year, the Southern District of Florida denied dismissal of a complaint on similar grounds. *See Raven*, 2011 U.S. Dist. LEXIS 131739 at *27-29 (S.D. Fla. Nov. 15, 2011). In *Raven*, the plaintiff brought multiple claims against a defendant insurance company. *Id.* at *1-2.

4

The claims sounded in contract **_and_** equitable theories, including promissory estoppel and unjust

enrichment.  *Id.*  The Court noted that promissory estoppel claims may not stand where an

express contract covering the representations exists.  The defendant sought to dismiss the

promissory estoppel claim, alleging that the existence of a contract would preclude such a claim.

The Court noted that, even where the contract was undisputed, alternate pleading allowed the

plaintiff's promissory estoppel claim to proceed. *Id.* at *29 ("[I]t would be premature in this case

to dismiss [plaintiff's] promissory estoppel claim where the alleged misrepresentation of

[defendant's agent] was purportedly outside the ambit of the [contract].").  As noted above, Big

Lots' SATPC reflects that the misrepresentations of Avon fall outside the ambit of the lease

agreement.  Thus, the Court should deny Avon's Motion to Dismiss Count Three of the SATPC.

**III.    Big Lots' Claim For Common Law Indemnification Must Survive Avon's Motion To Dismiss, As Big Lots Has Sufficiently Pled The Requisite Elements.**

In its Motion to Dismiss, Avon argues that Big Lots may not recover for indemnity

against Avon because of its position as a third-party defendant.  [ECF No. 264 at 11-12.]  Avon's

assertion simply is not correct in this case.  The SATPC clearly alleges that Avon may be liable

for common law indemnification.  "The obligation to indemnify need not be based upon an

express contract of indemnification but may arise out of implied contractual relations or out of

liability imposed by law." *Mims Crane Service, Inc. v. Insley Mfg. Corp.*, 226 So. 2d 836 (Fla.

DCA 2d. 1969) (third-party complaint properly pleaded common law indemnification even

where it did not mention the word "indemnity").  The court in *Mims* quoted 41 Am. Jur. 2d,

Indemnity, §2, p. 688, stating:

> Although it has been said that the right to indemnity springs from a contract,
> express or implied, the modern cases note that contract furnishes too narrow a
> basis, and that principles of equity furnish a more satisfactory basis for indemnity.
> Thus a right of indemnity has been said to exist whenever the relation between the
> parties is such that either in law or in equity there is an obligation on one party to

> indemnify the other, as where one person is exposed to liability by the wrongful
> act of another in which he does not join.

*Id.* Big Lots has performed its duties and obligations based on the covenants in its lease with

Avon, as well as in reliance on representations of Avon. As such, if Big Lots is held liable for

any wrongdoing, then it should recover from Avon under a theory of common law

indemnification. Therefore, the Court should deny Avon's Motion to Dismiss Count Four of the

SATPC.

**IV.    Big Lots' Negligent Misrepresentation Claim Against Avon Is Allowed Under The
Economic Loss Rule.**

In its Motion to Dismiss, Avon states that Big Lots' negligent misrepresentation claim is

"barred by operation of the economic loss rule," [ECF No. 264 at 14], because the negligent

misrepresentations were made within the context of the lease between the parties. As stated

above, Big Lots's SATPC clarifies that the misrepresentations were ***extraneous*** to the lease.

Further, under well established Florida law, the economic loss rule does not preclude Big Lots'

inclusion of a negligent misrepresentation claim in the same complaint as a breach of contract

claim. *See Moransais v. Heathman*, 744 So. 2d 973, 981, 983 (Fla. 1999) (noting "the danger in

an unprincipled extension of the [economic loss] rule," stating, "[W]e have declined to extend

the economic loss rule to actions based on fraudulent inducement and negligent

misrepresentation.") (citing *PK Ventures, Inc. v. Raymond James & Assocs.*, 690 So. 2d 1296

(Fla. 1997). The court went on to reiterate that "[t]he economic loss rule has not eliminated

causes of action based upon torts independent of the contractual breach even though there exists

a breach of contract action." *Moransais*, 744 So. 2d at 981 (quoting *HTP, Ltd. v. Lineas Aereas

Costarricenses, S.A.*, 685 So. 2d 1238 (Fla. 1996)).

6

A Motion to Dismiss on these grounds is improper, and last year, the District Court for the Middle District of Florida held that a dispositive application of the economic loss rule was a proper question for the jury. *See Tardif v. PETA*, 2011 U.S. Dist. LEXIS 128092, *18-20 (M.D. Fla. Nov. 4, 2011) (refusing to dispose of a negligent misrepresentation claim on economic loss rule grounds at the summary judgment stage). There, the court, faced with a motion for summary judgment on economic loss rule grounds, stated:

> A jury verdict finding a breach of contract may indeed impact the viability of the tort claims, but this possibility does not justify summary judgment. Even when inconsistent remedies are asserted, Florida does not require a plaintiff to elect between counts prior to judgment. Additionally, plaintiff is allowed to plead counts in the alternative, regardless of consistency. Therefore, the motion for summary judgment on this ground is denied.

*Id.* at *18-20 (internal citations omitted); *see also* Fed. R. Civ. P. 8(d)(2)-(3); *Monco of Orlando, Inc. v. ITT Indus. Credit Corp.*, 458 So. 2d 332, 334 (Fla. 5th DCA 1984). Because Florida clearly recognizes a plaintiff's ability to allege claims of negligent misrepresentation in the same complaint as breach of contract claims, Avon's Motion to Dismiss should be denied.

## **CONCLUSION**

Big Lots has sufficiently pled its claims against Avon, and for all reasons set forth herein, Big Lots respectfully requests that this Court **deny** Third-Party Defendant Avon's Motion to Dismiss Big Lots' SATPC.

[SIGNATURES ON FOLLOWING PAGE]

Dated:  March 22, 2012

Respectfully submitted,

/s/ Michael V. Elsberry
Michael V. Elsberry
Florida Bar No. 0191861
michael.elsberry@lowndes-law.com
W. Drew Sorrell
Florida Bar No. 0160903
drew.sorrell@lowndes-law.com
Rebecca E. Rhoden
Florida Bar No. 0019148
Rebecca.rhoden@lowndes-law.com
LOWNDES, DROSDICK, DOSTER, KANTOR
& REED, P.A.
450 South Orange Avenue, Suite 800
P.O. Box 2809
Orlando, Florida  32802-2809
Telephone:     (407) 843-4600
Facsimile:      (407) 843-4444

**With Co-Counsel:**
William N. Withrow, Jr.
(Admitted Pro Hac Vice)
william.withrow@troutmansanders.com
Brian P. Watt
(Admitted Pro Hac Vice)
brian.watt@troutmansanders.com
Shakara M. Barnes
(Admitted Pro Hac Vice)
shakara.barnes@troutmansanders.com
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA  30308-2216
Telephone:     (404) 885-3000
Facsimile:      (404) 885-3900

*Counsel for Defendant  and Third-Party*
*Plaintiff Big Lots Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2012, I filed the foregoing document with the Clerk of

Court using the CM/ECF system, which will automatically send email notification of such filing

to all parties of record.

/s/ Michael V. Elsberry

8

Michael V. Elsberry