**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Consolidated Case No. 11-80601-CIV-DMM**

WINN-DIXIE STORES, INC.; WINN-DIXIE
STORES LEASING, LLC; WINN-DIXIE
RALEIGH, INC.; WINN-DIXIE RALEIGH
LEASING, LLC; WINN-DIXIE
MONTGOMERY, LLC; and WINN-DIXIE
MONTGOMERY LEASING, LLC,

      Plaintiffs,

v.

DOLGENCORP, LLC, f/k/a
DOLGENCORP, INC., a Kentucky corporation;
*et al.*,

      Defendants and Third-Party Plaintiffs,

v.

PARK CENTRAL PLAZA CRP, LLC, *et al.*,

      Third-Party Defendants.

---

**BIG LOTS STORES, INC.'S RESPONSE IN OPPOSITION TO**
**THIRD-PARTY DEFENDANT SARRIA HOLDINGS IV, INC.'S**
**RENEWED MOTION TO SEVER AND/OR FOR SEPARATE TRIAL**

On March 19, 2012, Third-Party Defendant Sarria Holdings IV, Inc. (hereinafter

"Sarria") filed a Renewed Motion to Sever and/or for Separate Trial ("Renewed Motion"). *See*

ECF No. 291. Big Lots hereby files its Response in Opposition to that motion, [ECF No. 291],

and states as follows:

1

## ARGUMENT AND CITATION TO AUTHORITY

It is well-established that Big Lots' claims against Sarria and the other Third-Party Defendants each involve the facts and circumstances so closely related to the alleged violations of Plaintiffs' "grocery exclusives" that they cannot be logically or legally separated. As a result, Big Lots has a plain interest in presenting its claim against its common landlord alongside Winn-Dixie's claim related to that location in front of the same jury. Clearly, then, Sarria also has a plain interest in the questions to be decided by the Court in this case, if for no other reason than the Court's ruling directly affects one or both of the landlord's contracts with Big Lots and Winn-Dixie. Moreover, as the Court has already decided once before, Big Lots' Second Amended Third-Party Complaint ("SATPC") avoids the unnecessary duplication of separate actions against the Third-Party Defendants. Thus, Big Lots' SATPC is properly asserted in accordance with the core purpose of Rule 14. Sarria's Renewed Motion to Sever must be denied.

### I. THE COURT HAS ALREADY DENIED THE RELIEF THAT SARRIA REQUESTS IN ITS RENEWED MOTION.

This Court has already categorically **denied** the relief that Sarria seeks. Sarria bases its Renewed Motion on an incorrect premise. In its Renewed Motion, Sarria tries to convince the Court that this request for severance is more creditable than the last, because the posture of the case has significantly changed since the Court denied[1] Sarria's initial Motion to Sever [ECF No. 71].[2] Yet, Sarria misunderstands the timing of the events in this action. Such a misunderstanding has led Sarria to seek relief that this Court, after careful consideration, has already denied.

---

[1] Case No. 9:11-cv-80641, ECF No. 151
[2] Big Lots hereby incorporates its Response in Opposition to Sarria's Motion to Sever Amended Third Party Complaint [Case No. 9:11-cv-80641, ECF No. 99], as well as its Response in Opposition to Plaintiffs' Motion to Strike or Sever Third-Party Claims [Case No. 9:11-cv-80641, ECF No. 86].

Sarria's central mistake becomes clear in its Renewed Motion, where Sarria erroneously alleges:

> On February 12, 2012 this Court enter [sic] an Order Denying Third Party Defendant Sarria Holdings IV, Inc.'s Motion to Sever Amended Third Party Complaint, or in the Alternative to Continue the Dates in the Pre-Trial Scheduling Order. [D.E. 151]. Since then, Big Lots has filed a Second Amended Third Party Complaint and this Court has consolidated three actions into one and Sarria is hereby respectfully renewing its Motion to Sever.

ECF No. 291 at n.1. First, the Court entered its Order Denying Sarria's Motion to Sever [Case No. 9:11-cv-80641, ECF No. 151] on February 3, 2012, **not** on February 12, 2012, as alleged by Sarria. The claim that the Court consolidated the actions after that time is incorrect. In fact, the Order Consolidating and Closing Case [ECF No. 202] was entered on February 1, 2012—two days **before** the Court denied Sarria's Motion to Sever. Thus, the Court was fully aware of its decision to consolidate, had already ordered consolidation, and had already considered the impact of that consolidation when it denied Sarria's Motion to Sever. As such, Sarria's contention that the consolidation somehow should resurrect its request for severance is incorrect.

Moreover, Sarria's argument that "The Third Party Action does not involve the same transaction or occurrence as the Big Lots Action or the Consolidated Action" [ECF No. 291 at 4 of 12] has already been rejected by this Court. *See* Order Denying Plaintiffs' Motion to Strike or Sever Third-Party Claims [Case No. 9:11-cv-80641, ECF No. 150] (finding that Winn-Dixie's argument that the third-party claims should not be tried with the underlying action "is outweighed by considerations of judicial economy in avoiding 8 addition actions *arising out of the same set of circumstances*. . . . This Court agrees that in the interest of judicial economy, Defendant's Third Party Complaint should not be stricken or severed.") (emphasis added). The claims in the SATPC are so intertwined with those in the underlying action that granting Sarria's Renewed Motion would deny Big Lots, as well as the Third-Party Defendants the right to protect

and defend their obvious stake in the litigation. The Court should therefore once again deny

Sarria's Renewed Motion to Sever and resolve the third-party claims in one action.

## II. BIG LOTS' SECOND AMENDED THIRD-PARTY COMPLAINT FOSTERS EFFICIENT LITIGATION BY PACKAGING THE UNDERLYING CLAIMS FOR LIABILITY AND INDEMNITY IN A SINGLE CASE.

Sarria's Renewed Motion to Sever must be denied because it unnecessarily impedes the

key interest of judicial economy. *See Price v. CTB, Inc.*, 168 F.Supp.2d 1299, 1300-03, n.3

(M.D. Ala. 2001) (defendant properly impleaded third-party defendant under Rule 14(a), despite

potential burden upon the litigation because, "under the rationale that a stitch in time saves nine,

the court considers it more efficient to determine liability presently rather than to risk potential

relitigation on all the issues at a later date."). Big Lots properly impleaded Sarria into the action,

and the Court has already agreed with Big Lots that Big Lots' claims against Sarria arise out of

the same transaction or occurrence of the underlying action. "A defending party may, as third-

party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all

or part of the claim against it." Fed. R. Civ. P. 14(1)(1) (2011). "A district court must oversee

third-party practice with the core purpose of Rule 14(a) in mind: avoiding ***unnecessary***

***duplication and circuity of action.*" *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 394

(1st Cir. 1999) (emphasis added). Regarding the efficiency gained by bringing a third-party

complaint, a respected treatise gives insight:

> Third-party practice fosters efficient litigation by packaging the underlying claim
> for liability and any indemnity or contribution claims in a single case. This
> inclusive packaging spares the judicial system and at least some of the parties the
> waste and expense of multiple suits. Concomitantly, it avoids the possibility of
> inconsistent judgments. Joinder of all persons interested in the ultimate resolution
> of the dispute binds them to a single judgment. Without such joinder, the
> defendant who loses on the underlying dispute must bring a separate action for
> indemnity or contribution. Because the alleged indemnitor or contributor is not
> bound by the judgment in the first case (because it was not a party) the defendant
> might be unsuccessful, and thereby incur a liability it should have been able to

4

pass on to another. Even when the defendant is successful in the second suit, it will be required to pay for separate litigation, and may suffer adverse consequences because of the delay between judgments in the two suits. Effecting joinder of the indemnitor or contributor in a single case thus promotes judicial economy and fosters a consistent outcome that allows the defendant to avoid these potential harms.

3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 14.03 [1] (3d ed. 2009). In determining whether impleader via a third-party complaint is appropriate, "the purposes of [Rule 14], including the desire to avoid circuity of actions and to obtain consistent results, must be balanced against any prejudice which the impleaded party might suffer, and these considerations are left to the discretion of the trial court." *American Fidelity & Casualty Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956) (finding district court properly exercised its discretion by denying motion to strike third-party complaint where "the common issues were so closely intertwined that consistent results probably depended upon their being decided at one time."); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1443 (3d ed. 2010). ("[I]f the claim is a proper third-party action and will not prejudice the other parties or unduly complicate the litigation, there is no reason to deny an application under Rule 14(a)."). The common issues here, most importantly notice, but also including the intent of the contracting parties, and existence of the alleged breach are so intertwined that they must be decided at one time to ensure consistent results and prevent the jury from deciding the case in a vacuum. At base, Big Lots has no chance at a fair trial without evidence of Sarria's representations being presented to the same jury that will determine whether Big Lots is liable to Winn-Dixie. Therefore, Sarria's Renewed Motion to Sever should fail.

### III. SEVERANCE IS IMPROPER BECAUSE SARRIA, LIKE THE OTHER THIRD-PARTY DEFENDANTS, HAS A VERY REAL STAKE IN THE OUTCOME OF THE UNDERLYING ACTION.

The Third-Party Defendant landlords, including Sarria, have a genuine interest in the underlying litigation. They negotiated and entered into the lease agreements at issue: the lease to Winn-Dixie and the lease to Big Lots. Further, Sarria may be held "liable-over" to Big Lots for any damages awarded in favor of Plaintiffs. *See Fulton Fed. Savings & Loan Ass'n. v. Lambert*, 1990 U.S. Dist. LEXIS 10233, *6 (N.D. Ga. May. 10, 1990). Under the Federal Rules, a third-party defendant "may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim." Fed. R. Civ. P. 14(a)(2)(C). Put simply, how could a jury possibly decide the issues arising from Winn-Dixie's Amended Complaint without at the same time hearing evidence offered in support of Big Lots' Third-Party claims proving that the common landlords did not intend to create an exclusive in favor of Winn-Dixie? Put differently, it is difficult to imagine how a jury could decide Winn-Dixie's claims against Big Lots without at least impacting or potentially even prejudicing both Big Lots' claims against Sarria or the other Third-Party Defendants, and any ability Sarria or the other Third-Party Defendants might have to defend themselves against liability to Big Lots. For that reason, Big Lots' Third-Party claims must remain in this case and be tried together with Winn-Dixie's claims against Big Lots.

Where a third-party complaint seeks recovery from a third-party defendant for any damages awarded to the plaintiff, the third-party defendant "obviously has a stake in the outcome" of the case. *See Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, 2008 U.S. Dist. LEXIS 44277, *27-28, n.6 (S.D. Fla. June 5, 2008). As such, due process mandates that the third-party defendant be afforded the procedural rights of other parties. *See, id.; see also Glick v. White Motor Co.*, 458 F.2d 1287, 1291, n.4 (3d Cir. 1972) ("A fair reading of Rule 14(a) indicates

clearly that since a third party defendant may be liable to the original defendant, the third party

defendant must be permitted to take part in the trial and conduct examination and cross-

examination as the rules of evidence permit."); 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

PRACTICE § 14.25 (3d ed. 2009) ("Put simply, a third-party defendant, facing a binding

judgment, and permitted to raise defenses on the underlying claim, should be able to participate

meaningfully in the litigation of the claim."). Because Sarria has an obvious stake in the

outcome of this case, due process warrants that it participate fully and meaningfully in the

litigation. The Renewed Motion to Sever should be denied for this additional reason as well.

## IV. THE COURT HAS MEANS TO PROTECT THE PARTIES AGAINST POTENTIAL JURY CONFUSION.

Sarria "submits that the trial of the Consolidated Action will confuse and overwhelm the

jury." ECF No. 291 at 7 of 12. Yet, federal juries are often presented with substantial evidence

regarding multiple aspects of a claim. "Federal juries are routinely asked to parse facts that are

relevant to particular claims or particular parties, and are able to do so without difficulty so long

as counsel presents the evidence in a cogent, orderly fashion that makes clear which evidence

attaches to which particular claims or defenses." *Fisher v. Ciba Specialty Chem. Corp.*, 245

F.R.D. 539, 543-44 (S.D. Ala. 2007). Further, "any possible jury confusion can be managed with

appropriate jury instructions, including limiting instructions, and specially tailored verdict

forms." *DeShiro v. Branch*, 1996 U.S. Dist LEXIS 16933, *6-7 (M. D. Fla. Nov. 13, 1996).

Sarria argues that severance and separate trials are necessary because "the damages must be

established on a per store basis, which requires individualized proof, per store." However, the

Court may use special verdicts to facilitate a damages determination. *See Beckford v. Dept. of*

*Corrections*, 2008 WL 8192939 at *3 (S.D. Fla. Apr. 29, 2008). In ordering consolidation of the

cases, the Court was aware of how many store locations would be at issue, and apparently felt

well-equipped to manage that volume. Sarria's concerns regarding potential jury confusion are therefore allayed.

## CONCLUSION

For the reasons set forth herein, and because the Court has already denied the relief sought by Sarria, Big Lots respectfully requests that this Court deny Sarria's Renewed Motion to Sever and/or for Separate Trial.

Dated:  April 5, 2012

Respectfully submitted,

/s/ Michael V. Elsberry
Michael V. Elsberry
Florida Bar No. 0191861
michael.elsberry@lowndes-law.com
W. Drew Sorrell
Florida Bar No. 0160903
drew.sorrell@lowndes-law.com
Rebecca E. Rhoden
Florida Bar No. 0019148
Rebecca.rhoden@lowndes-law.com
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
450 South Orange Avenue, Suite 800
P.O. Box 2809
Orlando, Florida  32802-2809
Telephone:     (407) 843-4600
Facsimile:     (407) 843-4444

**With Co-Counsel:**
William N. Withrow, Jr.
(Admitted Pro Hac Vice)
william.withrow@troutmansanders.com
Brian P. Watt
(Admitted Pro Hac Vice)
brian.watt@troutmansanders.com
Shakara M. Barnes
(Admitted Pro Hac Vice)
shakara.barnes@troutmansanders.com
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA  30308-2216
Telephone:     (404) 885-3000
Facsimile:     (404) 885-3900

**Counsel for Defendant  and Third-Party Plaintiff Big Lots Stores, Inc.**

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2012, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all parties of record.

/s/ *Michael V. Elsberry*
Michael V. Elsberry