UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WINN-DIXIE STORES, INC.; WINN-DIXIE STORES LEASING, LLC; WINN-DIXIE RALEIGH, INC.; WINN-DIXIE RALEIGH LEASING, LLC; WINN-DIXIE MONTGOMERY, LLC; and WINN-DIXIE MONTGOMERY LEASING, LLC, | **Case No. 9:11-cv-80601-DMM** <br> **Consolidated with:** |

      Plaintiffs,

vs.

DOLGENCORP, LLC, f/k/a
DOLGENCORP, INC., a Kentucky corporation,

      Defendant and Third Party Plaintiff,

vs.

PARK CENTRAL PLAZA CRP, LLC, *et. al.*,

      Third Party Defendants.

_____/

| | |
|---|---|
| WINN-DIXIE STORES, INC.; WINN-DIXIE STORES LEASING, LLC; WINN-DIXIE RALEIGH, INC.; WINN-DIXIE RALEIGH LEASING, LLC; WINN-DIXIE MONTGOMERY, LLC; and WINN-DIXIE MONTGOMERY LEASING, LLC, | **Case No. 9:11-cv-80638-DMM** <br> **Consolidated with:** |

      Plaintiffs,

vs.

DOLLAR TREE STORES, INC., a Virginia corporation,

      Defendant.

_____/

WINN-DIXIE STORES, INC.; WINN-DIXIE
STORES LEASING, LLC; WINN-DIXIE
RALEIGH, INC.; WINN-DIXIE RALEIGH
LEASING, LLC; WINN-DIXIE
MONTGOMERY, LLC; and WINN-DIXIE
MONTGOMERY LEASING, LLC,

      Plaintiffs,

vs.

BIG LOTS STORES, INC., an Ohio corp.,

      Defendant/Third-Party Plaintiff,

NORTHEAST PLAZA VENTURE I, LLC; *et. al.*,

      Third-Party Defendants.
_____/

Case No. 9:11-cv-80641-DMM

## THIRD-PARTY DEFENDANT'S, HUDSON SQUARE CENTER INC., MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5, Third-Party Defendant, HUDSON SQUARE CENTER, INC. (hereinafter "Hudson Square" or "Hudson"), moves for summary judgment in its favor on all four (4) counts of the Dolgencorp, LLC f/k/a Dolgencorp, Inc. (hereinafter "Dolgencorp" or "Dollar General") Amended Third Party Complaint (hereinafter "ATC"). [DE 99, 9:11-cv-80601].[1]

### INTRODUCTION

In an October 7, 2011, Letter from Dolgencorp to Hudson Square, Dolgencorp tells Hudson, "Thank you for the pleasant landlord/tenant relationship we have enjoyed in the past." [Goss Decl. at ¶20]. Thereafter, On October 25, 2011, Dolgencorp attempts to "sucker punch" Hudson squarely in the jaw while Hudson's proverbial back was turned by filing a Third Party Complaint against Hudson based on Hudson's and Dolgencorp's past landlord/tenant relationship.

---
[1] All of the docket entry citations herein refer to Case No. 9:11-cv-80601.

2

WEBBER, HINDEN, McLEAN & ARBEITER, A PROFESSIONAL ASSOCIATION
4430 SOUTHWEST 64TH AVENUE, DAVIE, FLORIDA 33314 • (954) 587-3058

[DE 42; DE 99]. However, Dolgencorp missed and its claims fail at every turn. As set forth hereinbelow, Hudson is entitled to summary judgment as a matter of law in its favor.

## ARGUMENT AND CITATION TO AUTHORITY

I.  **Legal Standard for Entry of Summary Judgment**

The grounds upon which the Court may enter Summary Judgment are set forth in Rule 56(c):

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). The entry of summary judgment is properly regarded "not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Quantum Comm. Corp. v. Star Broad.*, 473 F.Supp. 2d 1249, 1257 (S.D. Fla. 2007) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (*quoting* Fed. R. Civ. P. 1)). Once Hudson Square has met its initial burden of identifying sufficient evidence to demonstrate the absence of a genuine issue of material fact, the burden shifts to Third Party Plaintiff, Dolgencorp, to supply the Court with evidence of each essential element of its claims, such that a reasonable jury could find in their favor. *Annunziata v. School Bd. of Miami-Dade County*, No. 04-12560, 2005 WL 591205, at *4 (11th Cir. Mar. 4, 2005); *Ashmore v. Fed. Aviation Admin.*, No. 11-60272-CIV, 2011 WL 5433924, at *5 (S.D. Fla. Nov. 8, 2011). To meet their burden, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "'A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.

3

WEBBER, HINDEN, McLEAN & ARBEITER, A PROFESSIONAL ASSOCIATION
4430 SOUTHWEST 64TH AVENUE, DAVIE, FLORIDA 33314 • (954) 587-3058

1990). No genuine issues of material fact exist regarding the matters brought forth in this motion, and therefore, this Court should enter summary judgment in favor of Hudson Square and against Dolgencorp for the reasons set forth hereinbelow.

## II.     Winn-Dixie's Claims Against Dolgencorp

The Winn-Dixie plaintiffs filed a two-count lawsuit against Dolgencorp on May 20, 2011, [DE 1] for Damages and for an Alternative Claim for Injunctive Relief, alleging that, among other things, Dolgencorp intentionally and continuously violated Winn-Dixie grocery exclusives at Dolgencorp's stores co-located in shopping centers with Winn-Dixie store locations. [DE 1 at ¶43]. One of the "Violating Locations," as alleged by Winn-Dixie, is located in Hudson Square [DE 1 at ¶28 and Exhibit A thereto].

Winn-Dixie's typical Grocery Exclusive provides in pertinent part:

> Landlord covenants and agrees that Tenant shall have the exclusive right to operate a supermarket in the shopping center and any enlargement thereof. Landlord further covenants and agrees that it will not directly or indirectly lease or rent any property located within the shopping center, or within 1000 feet of any exterior boundary thereof, for occupancy as a supermarket, grocery store, meat, fish or vegetable market, nor will the Landlord permit any tenant or occupant of any such property to sublet in any manner, directly or indirectly, any part thereof to any person, firm or corporation engaged in any such business without written permission of the Tenant; and Landlord further covenants and agrees not to permit or suffer any property located within the shopping center to be used for or occupied by any business dealing in or which shall keep in stock or sell for off-premises consumption any staple or fancy groceries, meats, fish, vegetables, fruits, bakery goods, dairy products or frozen foods without written permission of the Tenant; and Landlord further covenants and agrees not to permit or suffer any property located within the shopping center to be used for or occupied by any business dealing in or which shall keep in stock or sell for off premises consumption any staple or fancy groceries, meats, fish, vegetables, fruits, bakery goods, dairy products or frozen foods without written permission of the Tenant; except the sale of such items in not to exceed the lesser of 500 square feet of sales area of 10% of the square foot area of any storeroom within the shopping center, as an incidental only to the conduct of another business...shall not be deemed a violation hereof.

4

[DE 1 at ¶19; DE 61 at ¶5].

Winn Dixie intends to have the grocery exclusives act as restrictive real property covenants that run with the land. [DE 1 at ¶22].

Winn Dixie's leases included a provision which provide as follows:

> This lease and all of the covenants and provisions thereof shall inure to the benefit of and be binding upon the heirs, legal representatives, successors and assigns of the parties hereto. Each provision hereof shall be deemed both a covenant and a condition and shall run with the land.

[DE 1 at ¶23; DE 61 at ¶9].

### III. Dolgencorp's Claims Against Hudson Square

On or about October 25, 2011, Dolgencorp filed a Third Party Complaint against Hudson Square (and others) as a third party defendant in this action on four (4) counts (Breach of Covenant of Quiet Enjoyment, Breach of Warranty of Fitness for a Particular Purpose, Promissory Estoppel and Indemnification). [DE 42]. On or about December 8, 2011, Dolgencorp filed an Amended Third Party Complaint ("ATC") against Hudson Square (and others) alleging the same four (4) counts. [DE 99].

#### A. Summary Judgment must be entered in favor of Hudson Square on Count One

Hudson Square is entitled to a summary judgment on Dolgencorp's Count One, Breach of the Covenant of Quiet Enjoyment. Any violation of the grocery exclusives, i.e. the basis for Dolgencorp's claim for breach of the covenant of quiet enjoyment against Hudson, would have been due to Dolgencorp's own actions and not because of any action on the part of Hudson. It is axiomatic that a breach of quiet enjoyment occurs where the landlord substantially interferes with the tenant's beneficial use or enjoyment of the premises. 52A C.J.S. *Landlord & Tenant* §737 (2011); *see also Coral Wood Page, Inc. v. GRE Coral Wood, LP*, 71 So. 3d 251, 253 (Fla. 2d DCA 2011) (stating that "[i]f a landlord authorizes acts to be done which cause substantial injury

5

to the tenant in the peaceful enjoyment of the demised premises and such a result is the natural and probable consequence of the acts so authorized, the landlord is liable therefore"). Hudson Square is unaware of any authority holding that a landlord may be liable in an action by the tenant for breach of the covenant of quiet enjoyment where the alleged breach, if any, was caused - as it was here - by the actions of the tenant itself in violating a grocery exclusive. Because Dolgencorp has otherwise failed to allege that Hudson Square has committed any act that would form the basis for a claim for breach of the covenant of quiet enjoyment, Hudson Square is entitled to a summary judgment on Count One.

In Count One, Dolgencorp alleges that Hudson breached the covenant of quiet enjoyment, which is an express provision in the Eagle Army Navy Lease dated March 15, 1972 (hereinafter sometimes also referred to as "Lease"). *See* ATC, ¶¶16, 29-35. To maintain a cause of action for breach of contract, Dolgencorp must establish that there is a valid and enforceable contract, a breach of that contract and damages caused by that breach. *TracFone Wireless, Inc. v. Anadisk, LLC*, 685 F. Supp. 2d 1304, 1314 (S.D. Fla. 2010). Dolgencorp alleges the existence of a valid and enforceable contract, *see* ATC, ¶16. However, Dolgencorp terminated this contract on July 29, 2011, effective January 31, 2012, and in fact ceased operating its business in Hudson on September 12, 2011. [Goss Decl. at ¶17, 18, and Comp. Ex. "2" and Ex. "3" thereto]. Therefore, this contract is no longer in effect. Additionally, Dolgencorp fails to allege either a <u>present</u> breach of that contract or that it has suffered any <u>present</u> damages. Because Dolgencorp cannot prove a present breach with present damages of the Eagle Army Navy Lease no longer in effect, summary judgment must be entered for Hudson as a matter of law.

The March 15, 1972, Eagle Army Navy Lease, at Section 9 - Quiet Possession-Tenant states:

WEBBER, HINDEN, McLEAN & ARBEITER, A PROFESSIONAL ASSOCIATION
4430 SOUTHWEST 64TH AVENUE, DAVIE, FLORIDA 33314 • (954) 587-3058

> So long as the Tenant pays the rent ***and performs all other obligations on the Tenant's part hereunder***, Landlord agrees that Landlord will not permit the disturbance of, nor interference with, the Tenant's peaceful and quiet possession and enjoyment of the demised premises during the term herein and hereby specified.

[DE 99-4 at page 10 of 45][2]. *Emphasis added.*

If Winn Dixie prevails and it is determined that Dolgencorp has violated the grocery exclusives, then Dolgencorp would have failed to perform and/or comply with **"all other obligations on the Tenant's part"** under the Lease, which is a condition precedent to the Section 9, quiet possession clause in the Lease. For example, if it is found that Dolgencorp violated the Winn Dixie grocery exclusives, then Dolgencorp also failed to perform and violated an obligation under the Lease, *see* Section 17 of the Lease, entitled Lawful Use:

> The Tenant will not permit the demised premises to be used for any unlawful purpose or in any way that will injure the reputation of the same or of the building of which they are a part or disturb the adjoining tenants.

[DE 99-4 at page 13 of 45].

Thus, if Winn Dixie prevails and Dolgencorp is found to have violated the grocery exclusives, then Dolgencorp has also failed to perform "all other obligations" under the March 15, 1972, Lease (Section 17, Lawful Use) and has therefore failed to satisfy a condition precedent to its claim for Breach of the Covenant of Quiet Enjoyment. As such, there is no genuine issue as to any material fact and Hudson Square is entitled to summary judgment as a matter of law on Count One based on the foregoing.

---

[2] All page references to [DE 99-4] refer to those page numbers stamped at the bottom center of the page. For example, this reference is stamped "Exhibit D - Page 10 of 45" at the bottom center of [DE 99-4].

### B. Summary Judgment must be entered in favor of Hudson Square on Count Two

In Count Two of the ATC, Dolgencorp alleges that Hudson Square breached an alleged warranty of fitness for a particular purpose of operating a Dollar General Store. [DE 99 at ¶¶38, 39]. Dolgencorp alleges in the ATC that Hudson breached an alleged warranty under the Lease that the leased premises would be fit for the particular purpose of operating Dollar General Stores. [DE 99 at ¶39]. Summary Judgment must be entered against Dolgencorp, since, under Florida law, there is no warranty of fitness for a specific purpose under a lease of real property. *Solomon v. Gentry*, 388 So. 2d 52, 54 (Fla. 4th DCA 1980).

The March 15, 1972, Eagle Army Navy Lease and/or Modifications[3] do not contain an express warranty of fitness for a particular purpose. [DE 99-4; *see also* Comp. Ex. "1" to Goss Decl.; DE 134 at ¶17]. As such, summary judgment must be entered against Dolgencorp on Count Two for failure to maintain a cause of action for breach of an express warranty. Under Florida law, there is no implied warranty of fitness for a particular purpose in a commercial real estate transaction. Florida law still recognizes the doctrine of *caveat emptor* in commercial real estate transactions. *Haskell Co., et al. v. Lane Co., Ltd.*, 612 So. 2d 669 (Fla. 1st DCA 1993).

Nowhere in the March 15, 1972, Eagle Army Navy Lease or Lease Modifications does there exist a warranty that the premises are "fit for the purpose of operating Dollar General Stores." [DE 99-4; *see also* Comp. Ex. "1" to Goss Decl.; DE 134 at ¶17]. However, the Lease does contain a provision requiring Dolgencorp to lawfully use the premises at Section 17:

---

[3] The Lease Modifications for the most part only extend the terms of the March 15, 1972, Eagle Army Navy Lease, revise the rental payment terms and clarify common area maintenance, real estate taxes, insurance terms, holding over and delivery of notices, with all other terms and conditions of the Eagle Army Navy Lease to remain unchanged.

8

WEBBER, HINDEN, McLEAN & ARBEITER, A PROFESSIONAL ASSOCIATION
4430 SOUTHWEST 64TH AVENUE, DAVIE, FLORIDA 33314 • (954) 587-3058

> LAWFUL USE. The Tenant will not permit the demised premises to be used for any unlawful purpose or in any way that will injure the reputation of the same or of the building of which they are a part or disturb the adjoining tenants.

[(Statement of Material Facts at Exhibit "A", Goss Decl. at Comp. Ex. "1", Lease at Section 17) [DE 99-4 at page 13 of 45]]. If Winn Dixie prevails against Dolgencorp, then Dolgencorp has clearly failed to comply with said provision and has breached its Lease with Hudson.

The March 15, 1972, Lease also contains a merger and/or integration clause, embodying the entire contract of the parties and does not contain any promises other than what is contained therein. [DE 99-4 at page 16 of 45; Lease at Section 41; Goss Decl. at Comp. Ex. "1"]. Dolgencorp's attempt to insert an express warranty of fitness for a particular purpose into the express terms of the Lease, where none exists, must fail. Therefore, Hudson Square is entitled to summary judgment on Count Two for the foregoing reasons.

### C. Summary Judgment must be entered in favor of Hudson Square on Count Three

In Count Three, Dolgencorp asserts a claim against Hudson Square for Promissory Estoppel. [DE 99, ¶¶43-51]. Summary Judgment must be entered in Hudson Square's favor on Count Three as a matter of law. In an obvious attempt to side-step the fact that equitable remedies are not available where the face of the complaint shows the existence of an express contract between the parties [see *Coral Reef Drive Land Development, LLC v. Duke Realty Limited Partnership*, 45 So. 3d 897 (Fla. 3d DCA 2010); *Advanced Marketing Systems Corp. v. ZK Yacht Sales*, 830 So. 2d 924 (Fla. 4th DCA 2002)], Dolgencorp nonetheless attempts to allege promises outside the terms of the Lease: "Prior to and subsequent to the execution of the lease agreements, covenants and guaranties at issue, Third-Party Defendants represented to Dolgencorp that Dolgencorp's operation of Dollar General Stores was proper and would remain undisturbed." [DE 99 at ¶46].

9

Dolgencorp's wholly conclusory allegation of promises made <u>outside the terms of the Lease</u>, has no factual support and is precluded by the express provision at Section 41 of the Eagle Army Navy Lease:

> SECTION 41. MODIFICATION. <u>**This Lease embodies the entire contract of the parties hereto**</u> and shall not be altered, changed or modified in any respect, except by an instrument of equal dignity to this instrument.

[DE 99-4 at page 16 of 45]. *Emphasis added.*

Thus, Dolgencorp is limited to the promises contained in the Lease and, under Florida law, a claim for promissory estoppel cannot survive if an express contract exists: "[u]nder, Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available. *Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.,* 982 F.Supp. 873, 880 (S.D. Fla. 1997); *see also Williams v. Bear Stearns & Co.,* 725 So. 2d 397, 400 (Fla. 5th DCA 1998). There can be no promissory estoppel claim when there is an express contract between the parties. *JI-EE Industry Co., Ltd. v. Paragon Metals, Inc.,* 2010 WL 1141103, at *1 (S.D. Fla. 2010) (internal citations omitted). "Clearly, then a complaint cannot allege an express agreement in a claim for unjust enrichment or promissory estoppel." *Id.* (citing *Poe v. Levy's Estate,* 411 So. 2d 253, 256 (Fla. DCA 1982).

Because Dolgencorp's claim alleges the existence of an express agreement between the parties governing the asserted conduct in question, [DE 99 at ¶¶16-23], summary judgment must be entered against Dolgencorp on its claim for promissory estoppel as a matter of law. *See U.S. Bank Natl. Ass'n v. First American Title Ins. Co.,* 2011 WL 2119335 at *5 (M.D. Fla. May 27, 2011) (dismissing claim for promissory estoppel where there was no dispute as to express contracts governing the conduct complained of); *see also D.H.G. Properties, LLC v. the Ginn Companies, LLC,* 2010 WL 5584464 (M.D. Fla. Sept. 28, 2010) (finding dismissal of unjust

10

enrichment claim appropriate where there was no dispute that a contract existed between the parties and that the express contract formed part of the basis for unjust enrichment claim itself).

As set forth above, the Eagle Army Navy Lease contains an unequivocal merger and/or integration clause indicating that it embodies the entire agreement between the parties. Thus, any alleged representations made outside the Lease, do not constitute part of the agreement between Dolgencorp and Hudson Square.[4]

As this district court has held, "[i]t is deemed unreasonable as a matter of law to rely upon oral statements, even if falsely made, where a written contract subsequently executed does not contain the alleged representations." *Hazara Enterprises, Inc. v. Motiva Enterprises, LLC*, 126 F.Supp. 2d 1365, 1374-1375 (S.D. Fla. 2000) (holding plaintiff's claims for promissory estoppel to be legally insufficient based on this principal and *citing Schubot v. McDonalds Corp.* 757 F.Supp. 1351, 1356 (S.D. Fla. 1990); *3 P.M. Inc. v. Basic Four Corp.*, 591 F.Supp. 1350, 1367 (E.D. Mich. 1984); *Rosenberg v. Pillsbury Co.*, 718 F.Supp. 1146, 1152 (S.D.N.Y. 1989); *General Motors Acceptance Corp. v. Marlar*, 761 F.2d 1517, 1520 (11th Cir. 1985). Therefore, there are no genuine issues of material fact as to Dolgencorp's claim for Promissory Estoppel in Count Three and Hudson Square is entitled to summary judgment as a matter of law.

D.  **Summary Judgment must be entered in favor of Hudson Square on Count Four**

Hudson Square is entitled to summary judgment on Dolgencorp's Claim for Indemnification. The Eagle Army Navy Lease and/or Modifications do not provide for contractual indemnity [DE 99-4; Goss Decl. at ¶15 and Comp. Ex. "1" thereto; DE 134 at ¶10]. While Florida law does recognize the existence of indemnification under common law and a

---

[4] See also the Commercial Tenant Estoppel Certificate dated September 21, 1993 [DE 99-4 at page 5 of 45] at ¶2, which states "The Lease is currently in effect according to its terms and has not been modified either orally or in writing, except as specified in Paragraph 1(b) above." Paragraph 1(b) lists only the written modifications and an assignment.

11

theory of implied contractual indemnification, these circumstances do not exist here, since Hudson Square is not vicariously, technically or derivatively liable for any actions of Dolgencorp. [DE 134 at ¶10].

"In order to prevail on a common-law indemnity claim, a two-prong test must be satisfied: (1) the indemnitee must be faultless and its liability must be solely vicarious for the wrongdoing of another; and (2) in order for the faultless party to shift liability to the other, the indemnitor must be at fault." 12 Fla Jur Contribution, Indemnity, and Subrogation §41, *citing Dade County School Bd. V. Radio Station WQBA*, 731 So. 2d 638 (Fla. 1999); *Heapy Engineering, LLP v. Pure Lodging, Ltd.*, 849 So. 2d 424 (Fla. 1st DCA 2003); *Rosati v. Vaillancourt*, 848 So. 2d 467 (Fla. 5th DCA 2003). [A] party seeking common law indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another." *Rosenberg v. Cape Coral Plumbing, Inc.*, 920 So. 2d 61, 65 (Fla. 2d DCA 2005), *citing Nat'l Beverage Corp. v. Costco Wholesale Corp.*, 736 So. 2d 142, 144 (Fla. 3d DCA 1999).

Here, Dolgencorp is not claiming that Hudson Square has injured Winn Dixie, and that Dolgencorp may be held vicariously liable for that harm. [DE 99]. It is alleging that the liability is based on a direct harm to Dolgencorp that has allegedly induced Dolgencorp to harm Winn Dixie. This is not what common law indemnification is about.

Indemnity from an implied contract has a similar requirement. The liability must arise from a wrong committed by the third-party defendant not from a wrong committed in whole or in part by the original defendant, in this case, Dolgencorp. "It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who <u>without any fault on his part</u> is exposed to liability and compelled to pay damages on account of the negligent or tortious act of another, the former having a right of action against the latter for indemnity, <u>provided they are not joint tort feasors</u>." *Olin's Rent-A-Car System, Inc. v. Royal Continental Hotels, Inc.*, 187 So. 2d

12

349, 352 (Fla. 4th DCA 1966), *citing* 42 C.J.S. Indemnity §21, *emphasis added*. If Winn Dixie is successful, it will be so only because of a judicial determination that Dolgencorp is at fault for its own actions, not because it will be held liable for harms that Hudson Square has visited upon Winn Dixie. Furthermore, the existence of an express contract governing the relationship of Dolgencorp and Hudson Square that specifically covers Dolgencorp's authorized use of the property must foreclose any attempts by Dolgencorp to assert the existence of an equitable, implied contract covering the same subject matter.

The court must also enter summary judgment for Hudson Square because Dolgencorp's attempts to assert a claim for common law indemnification against Hudson is barred by the merger and/or integration clause contained in the Lease between the parties. [DE 99-4 at page 16 of 45, Lease at Section 41; Goss Decl. at ¶16]. *See also* the merger and/or integration clause in the Commercial Tenant Estoppel Certificate at ¶2, dated September 21, 1993 [DE 99-4 at page 5 of 45].

In Count Four of the ATC, Dolgencorp attempts to bring a claim for common law or implied indemnification based upon representations Hudson allegedly made to it regarding Dolgencorp's operation of stores on the leased premises. [DE 99 at ¶¶52-60]. However, Dolgencorp cannot dispute that its operation of stores on the leased premises is governed by the terms of the Lease and Lease Modifications between Dolgencorp and Hudson. This fact is key because, as stated, the express terms of the Lease do <u>not</u> grant Dolgencorp a right of indemnity against Hudson; and, the Lease explicitly provides that it embodies the <u>entire</u> contract between the parties. [DE 99-4 at page 5 of 45 and page 16 of 45, and Lease at Section 41; Goss Decl. at ¶16; DE 134 at ¶10]. *Emphasis added*. Thus, there is no set of conditions in law or equity that will allow Dolgencorp to recover against Hudson on the basis of indemnification, and therefore Hudson is entitled to summary judgment as a matter of law as to Count Four.

13

### E. Summary Judgment must be entered in favor of Hudson Square on the claim for Injunctive Relief

Hudson Square is entitled to summary judgment in its favor on Dolgencorp's request for damages pertaining to Injunctive Relief. Dolgencorp's ATC requests damages in the event an injunction is issued in favor of Winn Dixie, and for any damages Dolgencorp has suffered as a result of any future inability to operate Dollar General Stores in the manner contemplated under the Leases. [DE 99 at ¶¶34, 35, 41, 42, 50, 51, 59 and 60].

Dolgencorp and/or Winn Dixie are not entitled to injunctive relief against Hudson Square Center, Inc. *Dolgencorp, Inc. v. Winn Dixie Stores, Inc.*, 2 So. 3d 325 (Fla. 4th DCA 2008). Dollar General Store #1389 alleged to occupy the premises of Hudson Square no longer exists. [DE 134 at ¶12; Goss Decl. at ¶21]. On or about July 29, 2011, Dolgencorp terminated the March 15, 1972, Eagle Army Navy Lease, and Dollar General Store #1389 has ceased doing business in Hudson Square. [Goss Decl. at ¶¶17, 18, and Comp. Ex. "2" and Ex. "3" thereto].

Injunctive relief is an extraordinary remedy. *Dolgencorp, Inc. v. Winn Dixie Stores, Inc.*, 2 So. 3d 325, 327 (Fla. 4th DCA 2008). Generally, injunctive relief is available to prevent a threatened harm but is not available to redress harm which has already occurred. *Id.* Accordingly, under Florida law, an injunction will not be granted where it appears that the acts complained of have already been committed and there is no showing by the pleadings and proof that there is a reasonably well grounded probability that such course of conduct will continue in the future. *Id.* Citing to *Daniels v. Bryson*, 548 So. 2d 679, 681 (Fla. 3rd DCA 1989) (*quoting City of Jacksonville v. Wilson*, 157 Fla. 838, 27 So. 2d 108, 111 (1946)); *see also Stephan Co. v. Faulding Health Care (IP) Holdings, Inc.*, 844 So. 2d 676 (Fla. 4th DCA 2003) (trial court abused its discretion in granting temporary injunction as conduct sought to be enjoined had ceased and no evidence existed that conduct would continue in the future); *see also Quadomain Condo. Ass'n v.*

14

*Pomerantz*, 341 So. 2d 1041, 1042 (Fla. 4th DCA 1977) ("An injunction does not lie to prohibit an act which has already been committed"). *Id.* at 328.

It is undisputed in the case at bar that Dollar General Store #1389 has ceased operations at Hudson on September 12, 2011. [Goss Decl. at ¶18 and Ex. "3" thereto]. Also undisputed is the fact that Dolgencorp first filed its Third Party action against Hudson (and others) on or about October 25, 2011, [DE 42] which of course is clearly after they ceased operations at Dollar General Store #1389. [Goss Decl. at ¶18 and Ex. "3" thereto]. Any claim for injunctive relief against Hudson in this case is moot as a factual matter and as a matter of law.

Dollar General Store #1389 ceased its operations on or about September 12, 2011. [Goss Decl. at ¶18 and Ex. "3" thereto]. The merchandise and fixtures have been permanently removed from Dollar General Store #1389 on and before October 7, 2011. [Goss Decl. at ¶19, 21]. No employees of Dolgencorp remain at the premises. [Goss Decl. at ¶22]. Since Dolgencorp terminated the Eagle Army Navy Lease in accordance with the Lease terms, there is no ability for Dolgencorp to resume its business operations at Dollar General Store #1389. [Goss Decl. at ¶23]. Hudson is currently attempting to re-lease the subject premises formerly occupied by Dollar General Store #1389 and has advertised the space online and with real estate brokers. [Goss Decl. at ¶24].

Since it is impossible for any alleged violation of a grocery exclusive to continue by Dolgencorp in the future at Dollar General Store #1389, there can be no more threatened harm and injunctive relief is not available to redress harm which has already occurred in the past in the case at bar. No genuine issues of material fact exist regarding Dolgencorp's request for damages in the event an injunction is issued in favor of Winn Dixie, or for damages based on a future inability to operate Dollar General Stores in the manner contemplated under the Leases, and

15

therefore, this Court should enter summary judgment in favor of Hudson Square and against Dolgencorp for the reasons set forth hereinabove.

### F. The Commercial Tenant Estoppel Certificate entitles Hudson Square to the entry of Summary Judgment

In an October 7, 2011, Letter, and a January 31, 2012, Letter from Dolgencorp to Hudson, Dolgencorp advised Hudson, "Thank you for the pleasant landlord/tenant relationship we have enjoyed in the past." Despite this representation, Dolgencorp nonetheless sued Hudson in a Third Party Complaint and an Amended Third Party Complaint. [DE 42; DE 99; Goss Decl. at ¶20, and Ex. "3" and Ex. "4" thereto]. On September 21, 1993, Dollar General and predecessor landlord, Krysher-Delzer, Inc., executed a Commercial Tenant Estoppel Certificate. [DE 99-4 at pages 5 and 6 of 45]. Paragraph 2 contains a merger and/or integration clause which states:

> The Lease is currently in effect according to its terms and has not been modified either orally or in writing except as specified in Paragraph 1(b) above.

[DE 99-4 at page 5 of 45].[5]

The Commercial Tenant Estoppel Certificate also states at Paragraph 7 that:

> Landlord has fully performed all of its obligations under the Lease and Landlord is not in default under any terms of the Lease.

[DE 99-4 at page 6 of 45].

The Commercial Tenant Estoppel Certificate further states at Paragraph 8 that:

> The Tenant has no claims, counterclaims, defenses or setoffs against the Landlord arising from the Lease.

---

[5] Paragraph 1(b) merely references the written assignment and/or amendments and modifications which have been reduced to writing by the parties thereto.

16

[DE 99-4 at page 6 of 45].

On or about 2004, Krysher-Delzer, Inc. sold its shopping centers to Hudson Square Center, Inc., and Hudson Square Center, Inc. assumed Krysher-Delzer, Inc.'s obligations under the March 15, 1972, Eagle Army Navy Lease and all Modifications thereto. [Goss Decl. at ¶11].

Through the Commercial Tenant Estoppel Certificate dated September 21, 1993, Dolgencorp agreed that Hudson Square had fully performed all of its obligations under the Eagle Army Navy Lease and that Hudson Square was not in default under any terms of such Lease. [DE 99-4 at page 6 of 45; DE 134 at ¶11]. Additionally, Dolgencorp agreed that it had it no claims, counterclaims, defenses or setoffs against Hudson Square arising from the Lease. Therefore, to the extent that Dolgencorp claims any damages against Hudson Square, summary judgment must be entered in favor of Hudson Square for any alleged damages through September 21, 1993. Therefore, no genuine issues of material fact exist with regard to any claim for damages that Dolgencorp alleges through September 21, 1993, in accordance with a Commercial Tenant Estoppel Certificate, and therefore this Court should enter summary judgment in favor of Hudson Square and against Dolgencorp for the reasons set forth hereinabove.

## CONCLUSION

For the reasons stated above, Hudson Square is entitled to summary judgment on all counts of the ATC, including any claim for Injunctive Relief.

17

WEBBER, HINDEN, McLEAN & ARBEITER, A PROFESSIONAL ASSOCIATION
4430 SOUTHWEST 64TH AVENUE, DAVIE, FLORIDA 33314 • (954) 587-3058

Dated: April 20, 2012.

Respectfully submitted,

/s/ Shawn D. Arbeiter
Shawn D. Arbeiter
Florida Bar No. 151505
sarbeiter@whma-law.com
Suzanne M. McLean
Florida Bar No. 987700
smclean@whma-law.com
WEBBER, HINDEN, McLEAN & ARBEITER, P.A.
4430 S.W. 64th Avenue
Davie, FL 33314-3438
Telephone: 954/587-3058
Facsimile: 954/587-1770

**Counsel for Third Party Defendant,
Hudson Square Center, Inc.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date, on all counsel of record, corporations, or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Shawn D. Arbeiter
Shawn D. Arbeiter

## SERVICE LIST

Thomas E. Warner
twarner@carltonfields.com
Ryan S. Cobbs
rcobbs@carltonfields.com
CARLTON FIELDS, P.A.
CityPlace Tower – Suite 1200
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Telephone: 561/659-7070
Facsimile: 561/659-7368
**Counsel for Plaintiffs**

Michael V. Elsberry
michael.elsberry@lowndes-law.com
W. Drew Sorrell
drew.sorrell@lowndes-law.com
Rebecca E. Rhoden
Rebecca.rhoden@lowndes-law.com
LOWNDES, DROSDICK, DOSTER,
KANTOR & REED, P.A.
450 South Orange Avenue, Suite 800
P.O. Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 843-4444
**Counsel for Dolgencorp, LLC, and Big Lots, Inc.**

William N. Withrow, Jr.
william.withrow@troutmansanders.com
Brian P. Watt
brian.watt@troutmansanders.com
Shakara M. Barnes
shakara.barnes@troutmansanders.com
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
**Co-Counsel for Dolgencorp, LLC and Big Lots, Inc.**

Steve I. Silverman
ssilverman@klugerkaplan.com
Jeffrey Michael Berman, Esq.
jberman@kpkb.com
Michael T. Landen, Esq.
mlanden@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
201 South Biscayne Boulevard
Miami, Florida 33131-2500
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
**Counsel for Dollar Tree Stores, Inc.**

Alan Michael Burger
aburger@mcdonaldhopkins.com
McDonald Hopkins, LLC
505 South Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Telephone: (561) 472-2121
Facsimile: (561) 472-2122
**Counsel for Sarria Holdings IV, Inc.**

EVK ENTERPRISES
c/o Efthymios V. Kalyvas, Registered Agent
111 Second Avenue NE, Suite 702
St. Petersburg, FL 33701

Sergiu Gherman
sgherman@ghermanlaw.com
Gherman Legal, PLLC
The Ingraham Building
25 SE 2nd Avenue, Suite 808
Miami, Florida 33131-1603
Telephone: (305) 459-1551
Facsimile: (305) 459-1551

-and-

J. Kemp Brinson (Admitted *pro hace vice*)
kbrinson@ccmatorneys.com
Clark, Campbell & Lancaster, P.A.
500 South Florida Avenue, Suite 800
Lakeland, Florida 33801
Telephone: (863) 647-5337
Facsimile: (863) 647-5012
**Counsel for Avon Square, Ltd.**

Christopher S. Rapp
csrapp@jones-foster.com
Robert W. Wilkins
rwilkins@jones-foster.com
Jones Foster Johnston & Stubbs
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 659-3000
Facsimile: (561) 650-0412
**Counsel for NPI, Inc. and Noble Mgmt. Co.**

Michelle G. Gilbert
michelle@gilbertgrouplaw.com
Gilbert Garcia Group, P.A.
2005 Pan Am Circle, Suite 110
Tampa, Florida 33607
Telephone: (813) 443-5087
Facsimile: (813) 443-5089
**Counsel for Lake Wales Associates, LLC**

Marc A. Silverman
msilverman@fwblaw.net
David W. Black
dblack@fwblaw.net
Frank, Weinberg, Black, P.L.
7805 SW 6th Court
Plantation, Florida 33324
Telephone: (954) 474-8000
Facsimile: (954) 474-9850
**Counsel for Ireland Biloxi, Ltd.**

Richard Dunn
rdunn@cozen.com
Jermaine A. Lee
jalee@cozen.com
Cozen O'Connor
200 South Biscayne Blvd., Suite 4410
Miami, Florida 33131-2303
Telephone: (305) 704-5940
Facsimile: (305) 704-5955
**Counsel for Northeast Plaza Venture I, LLC**

Michael Lipuma
mlipuma@lipumalaw.com
Law Offices of Michael Lipuma
Constitution Place, Suite 1109
325 Chestnut Street
Philadelphia, PA 19106
Telephone: (215) 922-2126
Facsimile: (215) 922-2128
**Co-Counsel for Northeast Plaza Venture I, LLC**

20

WEBBER, HINDEN, McLEAN & ARBEITER, A PROFESSIONAL ASSOCIATION
4430 SOUTHWEST 64TH AVENUE, DAVIE, FLORIDA 33314 • (954) 587-3058