UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:11-cv-80601-DMM
Consolidated with Case No. 9:11-cv-80638-DMM,
Case No. 9:11-cv-80641-DMM

WINN-DIXIE STORES, INC., *et al.*,

    Plaintiffs,

v.

DOLGENCORP, LLC, *et al.*,

    Defendants.
_____/

### ORDER DENYING DOLLAR TREE STORES, INC.'s MOTION FOR ENTRY OF FINAL JUDGMENT AS TO 16 STORE LOCATIONS AT ISSUE

THIS CAUSE comes before the Court upon Dollar Tree Stores, Inc.'s Motion for Entry of Final Judgment as to 16 Store Locations at Issue ("Motion") (DE 378) filed on April 23, 2012.

In its Motion, Dollar Tree asks this Court to enter final judgment pursuant to Fed. R. Civ. P. 54(b) at 16 Dollar Tree locations that this Court granted Dollar Tree summary judgment on as a result of Winn-Dixie stating that it was no longer bringing claims against them. (DE 378 at 2).

> A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b). First, the court must determine that its final judgment is, in fact, both "final" and a "judgment." Second, having found that the decision was a final judgment, the district court must then determine that there is no "just reason for delay" in certifying it as final and immediately appealable.

*Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (citations omitted). The Eleventh Circuit has interpreted the first prong of Rule 54(b) to "require that a judgment 'disposes entirely of a separable claim or dismisses a party entirely' in order to be considered 'final'." *Id.* at 779 (citations omitted). With regard to the second prong, the

Eleventh Circuit has stated that "the district court must act as a 'dispatcher' and exercise its discretion in certifying partial judgments in consideration of 'judicial administrative interests' . . . ." *Id.* at 778. I find that Dollar Tree fails to meet either prong of Rule 54(b) and therefore it is hereby

ORDERED AND ADJUDGED that Defendant's Motion (DE 378) is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Motion (DE 291) **entered in Case No. 11-cv-80638** is DENIED pursuant to this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Florida this _8_ day of May, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record