UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:11-cv-80601-DMM
Consolidated with Case No. 9:11-cv-80638-DMM,
Case No. 9:11-cv-80641-DMM

WINN-DIXIE STORES, INC., *et al.*,

    Plaintiffs,

v.

DOLGENCORP, LLC, *et al.*,

    Defendants.
_____/

**ORDER DENYING DOLLAR TREE STORES, INC.'s MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DOLLAR TREE'S BUSINESS ACTIVITY AT STORES OTHER THAN THE STORES AT ISSUE**

THIS CAUSE comes before the Court upon Dollar Tree's Motion *In Limine* to Preclude Evidence of Dollar Tree's Business Activity at Stores Other than the Stores at Issue ("Motion") (DE 372) filed on April 20, 2012.

In its Motion, Dollar Tree argues that Winn-Dixie should not be allowed to refer to, elicit testimony, or introduce evidence at trial regarding Dollar Tree's general corporate business, business and sales trends, and product mixes of Dollar Tree stores other than as to the specific stores that remain at issue in this litigation. (DE 372 at 2). Dollar Tree claims that such evidence is irrelevant or its probative value is substantially outweighed by the danger of unfair prejudice or likelihood that it will mislead the jury. (*Id.*). In its Response, Winn-Dixie states that it intends on introducing evidence of Dollar Tree's corporate business practices and strategy followed by all of its stores, including those at issue here, and that it should not be precluded from introducing such evidence because it applies to more stores than are at issue. (DE 461 at 3).

Winn-Dixie states that this evidence is relevant to showing that Dollar Tree's violations occurred over the entire violating period, damages, and punitive damages. (*Id.* at 3-4). Having considered the matter, I find that Dollar Tree's general corporate business, business and sales trends, and product mixes are relevant to this case and that the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice or likelihood that it will mislead the jury. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion (DE 372) is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Motion (DE 288) **entered in Case No. 11-cv-80638** is DENIED pursuant to this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Florida this 8 day of May, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record