UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:11-cv-80601-DMM
Consolidated with Case No. 9:11-80638-DMM,
Case No. 9:11-80641-DMM

WINN-DIXIE STORES, INC., et al,

      Plaintiffs,

v.

DOLENCORP, LLC, f/k/a DOLENCORP,
INC., a Kentucy corporation,

      Defendant.

_____/

## ORDER GRANTING DOLGENCORP, LLC'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE RELATING TO THE LOUISIANA STORES

THIS CAUSE comes before the Court upon Dolgencorp, LLC's Motion *In Limine* to Preclude Plaintiffs from Introducing Evidence Relating to the Louisiana Stores ("Motion") (DE 206) filed on February 2, 2012. I have reviewed the matter and am advised in the premises.

Dollar General asks this Court to preclude Winn-Dixie from introducing evidence as to five Dollar General stores located in Louisiana because Louisiana law does not provide a cause of action for Winn-Dixie to sue Dollar General for violating its grocery exclusives. (DE 206 at 2).

The Supreme Court of Louisiana addressed this issue in *Leonard v. Lavigne*, 162 So. 2d 341 (La. 1964). In *Leonard*, the plaintiff operated a service station under a lease executed by Ellis and Ruth Thibodaux. *Id.* at 342. The lease contained a stipulation that lessors bound "themselves, their heirs and assigns not to sell or lease all or any part of the adjoining property owned by them to anyone who would engage in a competitive business during the period of the lease, and not to do so themselves . . . ." *Id.* Plaintiff filed suit against Floyd and Margaret Lavigne "to enjoin them from

constructing, operating, or maintaining a filling station across the highway from him on land purchased from Mr. and Mrs. Thibodaux in this same tract subsequent to the date of his lease, claiming this was violative of his lease contract." *Id.* Thus, *in Leonard*, as in this case, the plaintiff sought to enforce a term of its lease preventing others from conducting certain activity against the third-party alleged to be violating that term, not the landlord who was a party to the lease.

The Supreme Court of Louisiana reviewed the appellate court's decision that "the stipulation in plaintiff's lease was a covenant running with the land, and, as such, binding on the Lavignes . . . ." *Id.* at 342. The supreme court noted that the appellate court relied on "rules of common law jurisprudence . . .[that] are not controlling under our system of civil law, particularly since we have codal provisions that are to the contrary." *Id.* at 343. The supreme court found that under Louisiana civil law, obligations that are attached to immoveable property are called "real obligations." *Id.* "These real obligations . . . can be established only by a title. . . . [T]he real obligation must be clearly apparent from the title documents themselves. The stipulation in the contract of lease does not create a real obligation upon the land itself, but is clearly an obligation the lessors placed upon themselves." *Id.* The court found that the plaintiff could not enforce the stipulation in the contract against the Lavignes, although it noted that there were certain circumstances in which it could be.

The Second Court of Appeal of Louisiana revisited the issue in *Wolfe v. North Shreveport Development Co.*, 228 So. 2d 148 (La. 2d DCA 1969). In *Wolfe*, the plaintiffs Wolfe's Family Shoe Store filed suit against co-tenants in its shopping center seeking "an injunction against both defendants prohibiting and enjoining the continued operation of the 'casual shop' in an alleged violation of a noncompetitive term in plaintiffs' lease . . . ." *Id.* at 149. Plaintiffs operated a shoe store in a shopping center under an assignment of a lease from the shopping center operator. *Id.*

Thus, plaintiffs sought to enforce a term in their lease against a third-party allegedly violating it.

Notably, the "original lease and its assignment are duly recorded in the conveyance records." *Id.*

The lease provided that:

> Lessor agrees that no other space in Southside Village Shopping Center shall be used
> for the primary purpose of operating a shoe store during the effective term or any
> extension of this lease, upon the condition, to which Lessee agrees, that Lessor may
> from time to time authorize other lessees to sell shoes incidental to the sale of other
> merchandise.

*Id.* The court considered "the nature of plaintiffs' rights under the contract of lease, that is, whether

such rights are real, running with the land, or personal." *Id.* at 50. It found that "the real obligation

must be clearly apparent from the title documents themselves. The stipulation in the contract of

lease does not create a real obligation upon the land itself, but is clearly an obligation the lessors

placed upon themselves. Consequently, whatever right the plaintiff has for the breach of this

obligation must be exercised against his lessors." *Id.* at 151.

> Winn-Dixie's Louisiana store leases contain the following clause:
>
> Landlord covenants and agrees that Tenant shall have the exclusive right to
> operate a supermarket in the shopping center and any enlargement thereof.
> Landlord further covenants and agrees that it will not directly or indirectly lease
> or rent any property located within the shopping center, or within 1000 feet of any
> exterior boundary thereof, for occupancy as a supermarket, grocery store, meat,
> fish or vegetable market, nor will the Landlord permit any tenant or occupant of
> any such property to sublet in any manner, directly or indirectly, any part thereof
> to any person, firm or corporation engaged in any such business without written
> permission of the Tenant; and Landlord further covenants and agrees not to permit
> or suffer any property located within the shopping center to be used for or
> occupied by any business dealing in or which shall keep in stock or sell for off
> premises consumption any staple or fancy groceries, meats, fish, vegetables,
> fruits, bakery goods, dairy products or frozen foods without written permission of
> the Tenant.

(DE 61 at 5).[1]  The leases also contain a clause providing:

> This lease and all of the covenants and provisions thereof shall inure to the benefit
> of and be binding upon the heirs, legal representatives, successors and assigns of
> the parties hereto. Each provision hereof shall be deemed both a covenant and a
> condition and shall run with the land.

(*Id.* at 9).  These covenants are similar to the covenant in *Leonard* in that they are covenants

between the landlord and tenant and bind the "heirs and assigns."  Like the covenants in *Leonard*

and *Wolfe*, Winn-Dixie's covenant appears to be an obligation the lessors placed upon

themselves.  The main distinction is that Winn-Dixie's leases state that "[e]ach provision hereof

shall be deemed both a covenant and a condition and shall run with the land." (*Id.* at 9).  Winn-

Dixie argues that this clause shows that the grocery exclusive was intended to run with the land

and thus is enforceable against Defendant.  (DE 249 at 5).  However, the court in *Leonard* held

that "a clearly expressed intention" that a covenant run with the land was not sufficient to create

a covenant running with the land and that "the real obligation must be clearly apparent from the

title documents themselves." *Leonard*, 162 So. 2d at 342-43; *see also U-Serve Petroleum and*

*Investments, Inc. v. Cambre*, 486 So. 2d 821, 824 (La. 1st DCA 1986) ("Merely stating that a

contract is to 'run with the land' does not create immovable rights. . . .  Although the contract in

question stated that it was to 'run with the land,' it was in fact a personal contract . . . because it

favored the person . . . and not a dominant estate.") (citations omitted)).  Thus, while this clause

may be sufficient to create a real covenant running with the land under Florida law, it is not

sufficient under Louisiana law.  Accordingly, I find that Winn-Dixie's grocery exclusives

contained in its Louisiana store locations are not enforceable against Dollar General and it is

---

[1]      Three of Winn-Dixie's leases allow competitors to sell up to 500 square feet of sales
area of groceries.

hereby

ORDERED AND ADJUDGED that Defendant's Motion (DE 206) is GRANTED.  It is

further

ORDERED AND ADJUDGED that Defendant's Motion in Case No. 11-cv-80638 (DE

178) is GRANTED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this _8_ day of

May, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:      Counsel of Record